UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

JOSE CARO,                                        Docket No.:

                        Plaintiff,               **NOTICE OF REMOVAL**

        -against-

AMERICAN AIRLINES, INC.

                        Defendant.
                                                    APR 2 7 2007
------------------------------------------------------------------X

S I R S:

        **PLEASE TAKE NOTICE** that defendant, AMERICAN AIRLINES, INC., by and through

its attorneys, **RUTHERFORD & CHRISTIE, LLP**, hereby removes this action to the United States

District Court for the Southern District of New York pursuant to 28 U.S.C. §§ 1441 and 1331.


        1.    This action was commenced against the defendant in the Civil Court of the City of New

York, Bronx County, by the filing of a Summons and Complaint with the Clerk of the Court on or

about February 27, 2007.


        2.    The plaintiff seeks damages for lost luggage in the amount of $6,726.00. The plaintiff

was traveling from Costa Rica to New York when his luggage was allegedly lost.

3. The plaintiff's claim, therefore, is governed by the Warsaw Convention and the Montreal Convention. The plaintiff was engaged in "international transportation as defined by the Warsaw Convention[1].

4. As a treaty of the United States, the Warsaw Convention and the Montreal Convention are the Supreme Law of the land. U.S. Const. Art. VI, cl. 2; Chan v. Korean Air Lines, Ltd., 490 U.S. 122, 123 (1989).

5. The plaintiff's transportation was "international" because he departed from the United States and traveled to Costa Rica on a round trip ticket.

6. The plaintiff's claim, therefore, raises a federal question under 28 U.S.C. §1331. Furthermore, Chapter III, Article 18 of the Warsaw Convention is applicable to the plaintiff's claim

---

Article 1(1) of the Warsaw Convention provides that it applies "to all international transportation of persons, baggage or goods performed by aircraft for hire." 49 U.S.C. app. §1502 note. "International transportation" within the meaning of the Convention is defined in Article 1(2) as:

any transportation in which, according to the contract made by the parties, the place of departure and the place of destination, whether or not there be a break in the transportation or a transshipment, are situated either within the territories of two High Contracting Parties, or within the territory of a single High Contracting Party, if there is an agreed stopping place within a territory subject to the sovereignty, suzerainty, mandate or authority of another power, even though that power is not a party to this convention.

for lost luggage[2]. Furthermore, plaintiff's damages are limited by Article 22.2 of the Montreal Convention.

7. This cause of action is one over which this Court has original jurisdiction pursuant to 28 U.S.C. §1343 and §1441(b). This cause of action is, therefore, removable to this Court, including any pendent state law claims which are subject to the court's supplemental jurisdiction.

8. The defendant was purportedly served with a copy of the Summons and Complaint upon which this action is based on or about April 13, 2007.

9. In accordance with 28 U.S.C. §1446(b), this Notice of Removal is filed within thirty days after receipt by the defendants of a copy of the initial pleading.

10. Based upon the facts set forth above, this Notice of Removal is timely under 28 U.S.C. §1446(b).

---

Article 18 of the Warsaw Convention provides:

(1) The carrier shall be liable for damage sustained in the event of the destruction or loss of, or of damage to, any checked baggage or any goods, if the occurrence which caused the damage so sustained took place during the transportation by air.

(2) The transportation by air within the meaning of the preceding paragraph shall comprise the period during which the baggage or goods are in charge of the carrier, whether in an airport or on board an aircraft, or in the case of a landing outside an airport, in any place whatsoever.

(3) The period of the transportation by air shall not extend to any transportation by land, by sea, or by river performed outside an airport. If, however, such transportation takes place in the performance of a contract for transportation by air, for the purpose of loading, delivery or transshipment, any damage is presumed, subject to proof to the contrary, to have been the result of an event which took place during the transportation by air.

11. Pursuant to 28 U.S.C. §1446(a), copies of the Summons and Endorsed Complaint, which constitute all process, pleadings or orders served or filed by the parties in the Civil Court of the City of New York, Bronx County, are attached hereto and made a part of this Notice by reference.

12. The defendant will pay all costs and disbursements by reason of this removal proceeding should it be determined that this case is not removable or is improperly removed.

13. This Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure.

**WHEREFORE,** and without waiver of any substantial or procedural defenses, defendant, AMERICAN AIRLINES, INC., request that this Court assume jurisdiction over this action and make such further orders as herein as may be required to properly determine its controversy.

Dated: New York, New York
April 27, 2007

Yours, etc.,

RUTHERFORD & CHRISTIE, LLP

By:
David S. Rutherford (DSR 8564)
Attorneys for Defendant,
AMERICAN AIRLINES, INC.
300 East 42nd Street, 18th Floor
New York, New York 10017
(212) 599-5799

TO:    Jose Caro (Pro Se)
       1765 Gleason Avenue
       Bronx. New York 10472

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that copies of DEFENDANT'S NOTICE OF REMOVAL, TO THE CLERK OF THE CIVIL COURT, BRONX COUNTY, NOTICE OF REMOVAL and NOTICE TO ADVERSE PARTY OF FILING OF NOTICE OF REMOVAL were served via regular mail to JOSE CARO (PRO SE), 1765 GLEASON AVENUE, BRONX, New York 10472 on this 27th day of April, 2007.

RUTHERFORD & CHRISTIE, LLP

By:

David S. Rutherford

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF BRONX
------------------------------------------------------------------X

JOSE CARO,                                                    Index No.: 14729/2007

                                                             **NOTICE OF REMOVAL TO**
                                                             **CLERK OF THE CIVIL COURT**
                        Plaintiff,                           **OF THE CITY OF NEW YORK**
                                                             **BRONX COUNTY**
            -against-

AMERICAN AIRLINES, INC.,

                        Defendant.
------------------------------------------------------------------X

TO:     CLERK OF THE CIVIL COURT OF THE CITY OF NEW YORK,
        COUNTY OF BRONX
        851 Grand Concourse
        Bronx, New York 10451

S I R S:

        **PLEASE TAKE NOTICE** that on April 27, 2007, the defendant duly filed a Notice of

Removal, a copy of which is annexed hereto, removing this action in its entirety to the United States

District Court for the Southern District of New York.


Dated:  New York, New York
        April 27, 2007

                                        Yours, etc.,

                                **RUTHERFORD & CHRISTIE, LLP**


                                By
                                    David S. Rutherford
                                    Attorneys for Defendant
                                    AMERICAN AIRLINES, INC.
                                    300 East 42nd Street, 18th Floor
                                    New York, New York 10017
                                    (212) 599-5799

TO:    Jose Caro (Pro Se)
       1765 Gleason Avenue
       Bronx, New York 10472

TO:    Jose Caro (Pro Se)
       1765 Gleason Avenue
       Bronx, New York 10472

## AFFIDAVIT OF SERVICE VIA MAIL

STATE OF NEW YORK    )
                     ss.:
COUNTY OF NEW YORK   )

**NADEA WILSON**, being duly sworn, deposes and says:

Deponent is not a party to the within action, is over 18 years of age and resides in the County of New York, State of New York.

That on April 27, 2007 deponent served the within **DEFENDANT'S NOTICE OF REMOVAL, TO THE CLERK OF THE CIVIL COURT, BRONX COUNTY, NOTICE OF REMOVAL, NOTICE TO ADVERSE PARTY OF FILING OF NOTICE OF REMOVAL and DEFENDANT'S DISCLOSURE OF INTERESTED PARTIES** upon Jose Caro (Pro Se), 1765 Gleason Avenue, Bronx, New York 10472, Plaintiff in this action, at the address(es) designated by said attorney(s) for that purpose by depositing a true copy of same enclosed in a post-paid properly addressed wrapper, in an official depository under the exclusive care and custody of the United States Postal Office within the State of New York.

_____
**NADEA WILSON**

Sworn to before me on this 27th day
of April, 2007.

_____
**NOTARY PUBLIC**

Julie A. Rivera
Notary Public, State of New York
No. 02RI6127612
Qualified in Bronx County
Commission expires 5/31/09

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
JOSE CARO,                                              Docket No.:

                              Plaintiff,                **NOTICE TO ADVERSE
                                                        PARTY OF FILING OF
        -against-                                       NOTICE OF REMOVAL**

AMERICAN AIRLINES, INC.,

                              Defendant.
-------------------------------------------------------------------X

S I R S:

        **PLEASE TAKE NOTICE,** that on April 27, 2007, defendant, AMERICAN AIRLINES,

INC., duly filed the Notice of Removal in this action, removing this matter in its entirety to the

United States District Court for the Southern District of New York.

        A copy of the Notice of Removal with copies of all process, pleadings and orders served on

the defendant, American Airlines, Inc., and/or filed in the Civil Court of the City of New York,

County of Bronx are annexed hereto.

Dated:    New York, New York
          April 27, 2007

                                        Yours, etc.,

                                        RUTHERFORD & CHRISTIE, LLP

                                        By:
                                           David S. Rutherford (DSR 8564)
                                           Attorneys for Defendant,
                                           AMERICAN AIRLINES, INC.
                                           300 East 42nd Street, 18th Floor
                                           New York, New York 10017
                                           (212) 599-5799

TO:    Jose Caro (Pro Se)
       1765 Gleason Avenue
       Bronx, New York 10472

TO:    Jose Caro (Pro Se)
       1765 Gleason Avenue
       Bronx, New York 10472

Civil Court of the City of New York                    058142

County of Bronx                                    Index No.: 14729 BCV 2007

JOSE CARO

                                  *Plaintiff(s)*

           *against*

AMERICAN AIRLINES                                  **SUMMONS**
                                                   **WITH**
                                                   **ENDORSED COMPLAINT**

                                  *Defendant(s)*

                                                   BASIS OF VENUE IS :

Plaintiff's Address    JOSE CARO 1765 GLEASON AVENUE, Bronx, NY 10472

To the named defendant (s) :
AMERICAN AIRLINES
3333 AMON CARTER BLVD
Fort Worth, TX 76155

## SUMMONS

    YOU ARE HEREBY SUMMONED to appear in the Civil Court of the City of New York , County of Bronx,  before the Clerk of the said  Court  at  the office  at  851 Grand Concourse, Bronx, NY 10451, in the County of Bronx, City and State of New York, within the time provided by law  as noted  below, * and  to  file  your answer  to the summons  with the Clerk. Upon your failure to answer, judgment will be taken against you for the sum of    $6,726.00            with interest thereon from Tuesday, March 01, 2005    , together with the costs of this action.

    Tuesday, February 27, 2007
        Date                                    Chief Clerk, Civil Court

## ENDORSED COMPLAINT

The nature and substance of  the plaintiff's cause of action is as follows :
  Loss of Luggage  $6726

### *NOTE TO THE DEFENDANT*

    *A) If the summons is served by its delivery to you personally within the City of New York, you must appear and answer within TWENTY days after such service;  or*

    *B) If the summons is served by delivery to any person other than you personally,  or is served outside the City of New York, or by publication, or by any means other than personal delivery to you within the City of New York, you are allowed THIRTY days after the proof of service of this summons is filed with the Clerk of this Court within which to appear and answer.*

    *C) Following CPLR § 321(a) corporations must be represented by an attorney.*

### *NOTE TO THE SERVER OF THE SUMMONS*

    *The person who serves the summons should complete the Affidavit of Service and shall file it in the Clerk's Office in the county where the action is brought.*

| PLAINTIFF'S CERTIFICATION | SIGN NAME :   x |
| --- | --- |
| (SEE 22 NYCRR, SECTION 130-1.1a) | PRINT NAME :    Jose CARO |

CIV-RB-CC (Revised 8/06)